# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.  Criminal Case No: 1:07cr56

RUSSELL FOSTER a/k/a "Rusty,"
Defendant.

## OPINION/ REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Russell Foster, appeared before me in person and by counsel, Brian J. Kornbrath, on July 18, 2007. The Government appeared by Shawn Angus Morgan, Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to a two-count Information. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

The Court continued with the proceeding by placing Defendant under oath, and thereafter inquiring of Defendant as to his understanding of his right to have an Article III Judge hear his plea and his willingness to waive that right, and instead have a Magistrate Judge hear his plea. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the

Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Russell Foster, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated June 13, 2007, and signed by him on June 18, 2007, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge inquired of Defendant and his counsel relative to Defendant's knowledge and understanding of his constitutional right to proceed by Indictment and

the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment, to which Defendant and his counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government as to the non-binding aspects of the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charges contained in the Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge further addressed the stipulation contained in the written plea bargain agreement, which provides:

> Pursuant to Sections 6B1.4, 1B1.3, and 2D1.1 [Application Note 12] of the Guidelines, the parties hereby stipulate and agree that:
>
> A. Between on or about September 13, 2006 through on or about February 8, 2007, at or near Jane Lew, Roanoke and Weston in Lewis County, West Virginia, and at or near Buckhannon in Upshur County, West Virginia, and at or near Clarksburg and Nutter Fort in Harrison County, West Virginia,

defendant Russell Foster a/k/a "Rusty," knowingly and willfully conspired with other persons known and unknown to the United States Attorney, to commit an offense against the United States, to-wit: to violate Title 21, United States Code, Section 841(c)(1). It was a purpose and object of the conspiracy knowingly and intentionally to possess or distribute Pseudoephedrine, a List I chemical, with intent to manufacture a mixture and substance containing a detectable amount of methamphetamine, a controlled substance. The parties stipulate and agree that the defendant's total relevant conduct in this case is at least forty (40) grams but less than seventy (70) grams of Pseudoephedrine, and that a §3C1.1 enhancement for obstruction of justice should apply due to defendant's directing or procuring another person to destroy of conceal evidence that was material to the official investigation and prosecution of the instant offense.

B. Between on or about March 1, 2007 through on or about March 13, 2007, at or near Greenwood, Doddridge County, West Virginia, and elsewhere, defendant Russell Foster a/k/a "Rusty," knowingly and willfully conspired with other persons known and unknown to the United States Attorney to commit an offense against the United States, to wit: to violate Title 18, United States Code, Section 751(a). It was a purpose and object of the conspiracy for defendant, while in the lawful custody of the Attorney General of the United States, knowingly and willfully to escape or attempt to escape from the North Central Regional Jail.

The undersigned then advised Defendant, counsel for Defendant, and counsel for the United States, and determined that the same understood that the Court is not bound by the above stipulation and is not required to accept the above stipulation, and that should the Court not accept the above stipulation, Defendant would not have the right to withdraw his plea of Guilty to the two-count Information.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw his plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted his plea of guilty to the felony charges contained in the two-count Information, Defendant would not be permitted to withdraw his guilty plea even

if the Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected. Defendant and his counsel each acknowledged his understanding and Defendant maintained his desire to enter a plea of guilty.

The Court confirmed the Defendant had received and reviewed the two-count Information in this matter with his attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charges contained in the Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him; understood that:

A. The maximum sentence which could be imposed upon his conviction or adjudication of guilty on the drug conspiracy charge was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both imprisonment and fine could be imposed; understood he would be subject to three (3) years of supervised release; understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing; understood that the Court may require him to pay the costs of his incarceration, the costs of community confinement and the costs of supervised release; understood that his actual sentence would be determined after a pre-sentence report was prepared and a sentencing hearing conducted; and further determined that Defendant was competent to proceed with the Rule 11 plea hearing; AND

B. The maximum sentence which could be imposed upon his conviction or adjudication of guilty on the attempted escape conspiracy charge was imprisonment for a term of not more than five (5) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both imprisonment and fine could be imposed; understood he would be subject to three (3) years of supervised release; understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing; understood that the Court may require him to pay the costs of his incarceration, the costs of community confinement and the costs of

supervised release; understood that his actual sentence would be determined after a pre-sentence report was prepared and a sentencing hearing conducted; and further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his conditional waiver of his direct and collateral appeal rights as contained in his written plea agreement and determined he understood those rights and voluntarily gave them up subject to the conditions as stated in the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant the two-count Information, including the elements the United States would have to prove at trial, charging him with: A) conspiracy to knowingly and intentionally possess or distribute Pseudoephedrine, a List I chemical, with intent to manufacture a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(c)(1) and 846; and B) conspiracy to attempt to escape from custody, in violation of Title 18, United States Code, Sections 371 and 751(a).

The Court then heard the testimony of Government witness Darren Stout regarding the drug conspiracy count and Alex Neville regarding the escape conspiracy count.

Darren Stout testified that he is a Deputy with the Lewis County Sheriff's Department, assigned to the Lewis County Drug and Violent Crimes Task Force. He was involved in the investigation of a conspiracy involving Defendant and others between about September 2006 and February 2007. The conspiracy involved activities at Defendant's apartment in Jane Lew, Lewis County; as well as in Roanoke and Weston in Lewis County; Nutter Fort and Clarksburg in Harrison

County, and Buckhannon in Upshur County, all in West Virginia. During this conspiracy, Defendant and others possessed pseudoephedrine with the intent to manufacture methamphetamine.

The investigation included reports from the Board of Pharmacy and pseudoephedrine log listings from various pharmacies. The investigation also included the discovery and investigation of a methamphetamine laboratory "dump site" in Lewis County, West Virginia, from which officers recovered cold pill blister packs, and a warranted search of Defendant's apartment in Lewis County during which more cold pill blister packs were recovered. The investigation further indicated that Defendant had conspired with and agreed to send two co-defendants to the Pittsburgh, Pennsylvania area to obtain a large quantity of pseudoephedrine to be used to manufacture methamphetamine. One of those co-defendants, Samantha Loretta, has already pled guilty to an interstate travel in aid of racketeering count relating to traveling with another co-defendant, Rickerson, to obtain cold pills. Loretta and Rickerson traveled in Defendant's car. Defendant also gave the two cash to buy the cold pills. Another co-defendant, Dustin Turner, has already pled guilty to supplying pseudoephedrine to Defendant for the manufacture of methamphetamine.

Alex Neville testified that he is a Deputy with the United States Marshals Service. The Marshals Service is charged with the investigation of escapes or attempted escapes of defendants in federal custody. Defendant was in federal custody on March 2, 2007. He was transported from the Central Regional Jail to the North Central Regional Jail in Doddridge County, West Virginia. Information obtained after that date indicated that Defendant had conspired with others in an attempt to escape from the North Central Regional Jail. Defendant later confessed to officers that he had attempted to escape.

Dpty. Neville testified that Defendant had made telephone calls on two or three occasions to his girlfriend, Frankie Waggy [sp]. During these telephone calls and at least one jail visit, Defendant communicated to his girlfriend his desire to escape, and attempted to elicit her help in doing so. The plan was for her to pick him up in a vehicle at a prearranged spot after he called her using a code phrase, "It's going to rain tonight." Records show that Defendant did call his girlfriend the night of his attempted escape and stated it was "going to rain." The girlfriend indicated to officers that she understood that phrase meant she was to meet him at the prearranged spot. There is no evidence that she did so or had any involvement in Defendant's attempted escape.

After March 2, 2007, Defendant enlisted Joseph Parrish [sp] to assist him in getting a shower door handle and bolt to use as a hammer and chisel. Matthew Strother [sp] was enlisted to sharpen the bolt. The chisel was to be used to chisel the block around Defendant's cell window. Jared Holtschneider [sp] was also enlisted to provide Defendant with hair gel to spread on his body to help him to slide out through the hole he had chiseled.

Deputy Neville testified that Defendant's window was actually chiseled, but Defendant told him it "wasn't going so well," so he began striking the window with Parrish's assistance in order to break the window and squeeze through. The cell window was actually broken, but Defendant was unable to squeeze through. Throughout the attempted escape, Defendant was in the lawful custody of the Attorney General, having been detained by this Court.

Defendant testified that he heard and understood both Deputy Stout's and Deputy Neville's testimony and did not disagree with any of that testimony. Thereupon, Defendant, Russell Foster, with the consent of his counsel, Brian J. Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charges contained in the two-count Information. Defendant then testified he believed

he was guilty of the drug conspiracy count charged in the two-count information because he "sent people to P.A. to purchase pseudoephedrine to manufacture meth." He testified he believed he was guilty of the escape conspiracy charge contained in the two-count information because he "busted a window out and tried to leave North Central."

Based upon the testimony of Deputy Stout and Deputy Neville, the undersigned United States Magistrate Judge finds there is an independent basis in fact for Defendant's plea of Guilty to each offense charged in the two-count Information. This independent basis in fact is further supported by Defendant's allocution and the stipulation of the parties.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant knowingly and voluntarily waived his right to proceed by Indictment and elected to proceed by Information; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of Deputy Stout and Deputy Neville as well as the parties' stipulation and Defendant's own allocution.

The undersigned United States Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charges contained in the two-count Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charges as contained in said two-count Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this __25__ day of July, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE